YABUCOA SUGAR Co., demandante y apelante, *v.* EL MUNICIPIO DE YABUCOA, demandado y apelado.

No. 3530.—*Visto:* Abril 30, 1925.  *Resuelto:* Mayo 26, 1925.

1. COSTAS—NATURALEZA, FUNDAMENTOS Y EXTENSIÓN DEL DERECHO—INCIDENTES DEL PLEITO PRINCIPAL—TEMERIDAD.—Aunque se reconozca finalmente que la justicia está de parte de un litigante, si ese litigante en un incidente del pleito procede indebida y temerariamente, puede ser condenado a pagar las costas que cause con su actuación.

2. APELACIÓN Y ERROR—RESPONSABILIDAD SOBRE FIANZAS Y GARANTÍAS (*Undertakings*)—FIANZA DE "SUPERSEDEAS".—Impuestas las costas al demandado en un *injunction* preliminar solicitado dentro de un pleito, y confirmada la imposición por la Corte Suprema en un procedimiento separado, la fianza de "supersedeas" prestada para paralizar la ejecución de la sentencia dictada en el pleito y apelada para ante la Corte de Circuito, no impide el cobro de las costas impuestas en el *injunction* preliminar.

3. APELACIÓN Y ERROR—REVISIÓN—DISCRECIÓN DE LA CORTE INFERIOR—HONORARIOS DE ABOGADOS.—*Se resolvió:* que no hubo abuso de discreción al justipreciar la corte inferior los honorarios de abogados en $300.

RESOLUCIÓN de *Pablo Berga,* J. (Humacao), en incidente sobre memorándum de costas.  *Confirmada.*

*Francisco González Fagundo,* abogado de la apelante; *José Soto Rivera,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La Yabucoa Sugar Co. inició un pleito en la Corte de Distrito de Humacao contra el Municipio de Yabucoa en solicitud de que se declarara nula cierta ordenanza que le imponía una contribución de cinco centavos por cada quintal de azúcar que manufacturara.  Al propio tiempo presentó una solicitud de *injunction* para que se impidiera al municipio cobrar la contribución mientras el pleito se resolvía. Tramitado el *injunction* fué declarado sin lugar y apelada

la sentencia fué confirmada por esta Corte Suprema. Devuelto el caso se presentó por la parte victoriosa un *memorándum* cobrando como costas $8 por honorarios del Secretario y $3,000 por honorarios de abogado. Oyó la corte a ambas partes y reduciendo los honorarios del Secretario a $2 y los del abogado a $300, ordenó su pago.

No conforme la demandante interpuso el presente recurso de apelación señalando la comisión de tres errores, así: 1, al ordenar el pago de costas tratándose de un incidente; 2, al ordenar el pago de las costas concedidas hallándose suspendida a virtud de apelación a la Corte de Circuito la ejecución de la sentencia en el pleito principal, y 3, al graduar la cuantía de los honorarios de abogado.

[1] No existe el primer error. Como sostiene el apelado aunque se reconozca finalmente que la justicia está de parte de un litigante, si ese litigante en un incidente del pleito procede indebida y temerariamente, puede ser condenado a pagar las costas que cause con su actuación. El *injunction* se tramitó independientemente en este caso aunque por supuesto estaba conectado con el pleito principal. No debe perderse de vista que la sentencia de la corte de distrito en el *injunction* que impuso las costas que ahora se cobran, fué apelada y confirmada, y es hoy firme.

[2] La segunda cuestión guarda íntima relación con la primera. También dictó sentencia en contra de la demandante la corte de distrito en el pleito sobre nulidad de la ordenanza de que se trata. Apelada la sentencia, fué confirmada por esta Corte Suprema. No conforme la demandante recurrió para ante la Corte de Circuito de Apelaciones, prestando fianza de *supersedeas* y el recurso no ha sido aún decidido. La orden de *supersedeas* no se extendió a la sentencia dictada en el *injunction*. Se limitó a la sentencia pronunciada en el pleito. Siendo ello así y pudiéndose imponer costas separadamente en un incidente cualquiera que sea el resultado final del pleito, no erró la corte de distrito al declarar sin lugar esta objeción de la demandante.

La parte apelante no cita precepto de ley alguno, ni jurisprudencia en apoyo de su contención.

[3] Tampoco existe el tercero de los errores señalados. Hemos examinado los autos y no podemos concluir que la corte de distrito abusara de su discreción al justipreciar el trabajo del abogado del Municipio en trescientos dólares.

*Debe confirmarse la resolución apelada.*

### RECONSIDERACIÓN

No. 3530.—Resuelto en Junio 26, 1925.

Apelación y Error — Vista y . Nueva Vista — Reconsideracion de Senten-
cia.—Levantada en una apelación en procedimiento sobre memorándum de costas la cuestión de la facultad de una corte para imponer costas en incidentes, no ha lugar a reconsiderar la sentencia dictada en dicha apelación cuando el tribunal no queda convencido que se trata de una cuestión jurisdiccional ni que su opinión fuera errónea.

### RESOLUCIÓN.

San Juan, Puerto Rico, *junio 26, 1925.*

Por la Corte:

Se ha solicitado por la parte demandada la reconsideración de la sentencia dictada por este tribunal el 26 de mayo último, insistiéndose en que nó procede la condena de costas en incidentes de un pleito.

En el presente caso se trata de un *injunction* preliminar que fué, después de haberse oído a ambas partes, declarado sin lugar con costas, en abril 18, 1923. Se apeló la resolución y fué confirmada por esta corte en junio 16, 1924. Entonces se presentó el memorándum de costas por la parte victoriosa, limitándose la Yabucoa Sugar Co. a impugnar la partida de honorarios por excesiva. La corte en cierto modo accedió a su solicitud. Se reclamaban tres mil dólares por honorarios. La Yabucoa Sugar Co. dijo que el trabajo sólo valía ciento cincuenta. La corte lo fijó en trescientos.

No conforme la parte vencida apeló y fué en su alegato que por vez primera suscitó la cuestión de la facultad de la corte para imponer costas en incidentes, cuestión que debió

haber sido tratada y resuelta en la apelación de la resolución que decidió el incidente mismo.

Bajo tales circunstancias, no habiendo quedado convencida la corte de que se trate de una verdadera cuestión jurisdiccional, ni de que su opinión de mayo 26 sea errónea, *no ha lugar a la reconsideración que se solicita.*